UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DOYLE L. HEARD,

        Petitioner,

v.                              Case No. 3:15-cv-732-J-34MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

        Respondents.

### ORDER

Petitioner Doyle L. Heard, an inmate of the Florida penal system, initiated this action on June 18, 2015, by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) with exhibits (P. Ex.). In the Petition, Heard challenges a 1981 state court (Duval County, Florida) judgment of conviction for kidnaping and robbery (Case No. 1981-186-CF).[1] He also challenges ongoing state court proceedings in the Circuit Court for the Fourteenth Judicial Circuit, in and for Washington County, Florida. See Petition at 1 (citing Case No. 2015-04-CA). As relief, he requests that the

---

[1] See http://www.dc.state.fl.us/ActiveInmates.

Court: (1) "deem and declare" that the state court proceedings fail to provide an adequate remedy, and (2) direct the Florida Department of Corrections (FDOC) to release him from incarceration since he has served more than twenty-seven years of a fifty-year sentence.

Upon review of the Petition, Heard admits that he has an action pending in the state court. See Petition at 1 (citing Case No. 2015-04-CA), 6, 10; see also P.Exs. (showing that Heard's January 9, 2015 petition for writ of habeas corpus and February 20, 2015 supplement are still pending in state court, that the FDOC's response is due on or about July 17, 2015, and that Heard may file a reply no later than thirty days from the date of the certificate of service on the FDOC's response). In recognition of the nature of comity between the national and state sovereignties in our federal system, this Court should give the state courts an opportunity to rule on Petitioner's claims. Thus, this case will be dismissed without prejudice to give Petitioner the opportunity to complete his actions in the state courts, to exhaust his state court remedies, and to properly raise his challenge to the FDOC's "misinterpreting" the 1981 statutes and miscalculation of his fifty-year sentence. See Rose v. Lundy, 455 U.S. 509 (1982); see also 28 U.S.C. § 2254(b)(1)(A).

To the extent that Heard complains about the rulings of the state court judge in Case No. 2015-04-CA, such assertions should be

addressed in state court by filing appropriate and timely motions and/or voicing his assertions at a scheduled hearing. Finally, to the extent that Heard complains about his conditions of confinement,[2] those claims should be raised in a civil rights complaint pursuant to 42 U.S.C. § 1983. However, insofar as he challenges the legalities of his incarceration and/or the fact or duration of his imprisonment, those claims should be raised in a separate habeas corpus petition pursuant to 28 U.S.C. § 2254.[3] The filing fee for a habeas corpus case is $5.00, while the filing fee for a civil rights action is $400.00. Petitioner may file an Affidavit of Indigency if he does not have adequate funds to pay the full filing fee.

---

[2] Heard asserts that two correctional officers threatened him on October 24, 2014. See P. Ex., "October 24, 2014, Orientation Classification Encounter."

[3] The Court takes judicial notice of Heard's previously-filed habeas corpus cases in federal court: Case Nos. 83-cv-202-J-14 (challenging his 1981 state court convictions for kidnaping and robbery); 3:89-cv-275-14 (challenging the same 1981 convictions on four new grounds); 3:03-cv-136-J-32MMH (challenging a 2001 state court battery conviction); 3:04-cv-399-J-99HTS (challenging the calculation of gain time, the revocation of parole and the cancellation of his provisional gain time credits); 3:04-cv-404-J-UATEM (challenging his parole); and Case No. 94-cv-1041-J-21HTS (challenging his 1981 state court convictions for kidnaping and robbery and raising two claims relating to his sentence). Notably, the Court dismissed Case Nos 3:89-cv-275-14 and 94-cv-1041-J-21HTS for Heard's abuse of the writ. Heard is advised that before a second or successive habeas corpus application may be filed in this Court, he is required to obtain an order from the United States Court of Appeals for the Eleventh Circuit, authorizing the district court to consider his application. See 28 U.S.C. § 2244(b)(3)(A).

Upon review and in light of the foregoing, this case will be dismissed without prejudice to Heard's right to properly initiate a civil rights case and address any allegedly unconstitutional conditions of his confinement and seek monetary damages, if he elects to do so, and/or initiate a habeas case to challenge the legalities of his incarceration and/or the fact or duration of his imprisonment after he has exhausted his habeas corpus claims in state court. See 28 U.S.C. § 2254(b)(1)(A).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

3. The Clerk shall send a civil rights complaint form, a habeas corpus petition form, and two Affidavit of Indigency forms to Petitioner. If he elects to refile his claims, he may complete and submit the proper forms. Petitioner should not place this case number on the forms. The Clerk will assign a separate case number if Petitioner elects to refile his claims. In initiating such a case, Petitioner should either file a fully completed Affidavit of Indigency (if he desires to proceed as a pauper) or pay the proper filing fee (if he does not desire to proceed as a pauper).

4.   If Heard appeals the dismissal of the case, the Court denies a certificate of appealability.[4] Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of June, 2015.

MARCIA MORALES HOWARD
United States District Judge

sc 6/24
c:
Doyle L. Heard

---

[4] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.